# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
    )
      v.    )    2:06cr0030
    )
DIANNE KENNEDY    )

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO REMAIN ON BOND PENDING APPEAL (Document No. 54) filed by Defendant, Dianne L. Kennedy, along with a supporting brief. The government has filed a response (Document No. 58), Kennedy has filed a reply (Document No. 59) and the motion is ripe for disposition.

On July 27, 2007, Kennedy pled guilty to all counts of a ten-count indictment at Criminal No. 06-30, which charged her at counts 1-4 with the crime of mail fraud in violation of 18 U.S.C. § 1341, and at counts 5-10 with making a false writing to the government in violation of 18 U.S.C. § 1001(a)(3). A Presentence Investigation Report ("PSI") was prepared by the Probation Office on September 11, 2007. After several extensions of time, Defendant filed objections on November 28, 2007, which objected to the PSI in the following regards: (1) the enhancement for "10 or more victims" pursuant to U.S.S.G. § 2B1.1(b)(2)(A); (2) the enhancement for "vulnerable victims" pursuant to U.S.S.G. § 3A1.1; and (3) the enhancement for "abuse of a position of trust" pursuant to U.S.S.G. § 3B1.3. Defendant also requested that the Court consider that her Criminal History Category classification of II was the result of an offense committed after the date of the instant offense. Finally, Defendant sought a downward departure or downward variance because she allegedly is the caregiver for her elderly mother, daughter and grandchildren. The Court issued

Tentative Findings and Rulings on December 12, 2007 (Document No. 48), which denied Defendant's objections for the reasons set forth therein. The Court reiterated that the guidelines calculation was a precursor to its consideration of the § 3553(a) factors, stating: "It remains appropriate, therefore, in this case to consider and resolve any Sentencing Guidelines disputes in order to determine a sentencing range for Defendant, which will then be one of the § 3553(a) factors to be considered in imposing an appropriate sentence." The Court also declined to exercise its discretion to downwardly depart or vary from the advisory guidelines range due to Kennedy's family circumstances. The Tentative Findings and Rulings recognized that Defendant's contentions that her three grandchildren are dependent upon her, that her daughter has seemingly never been capable of being their primary caregiver, the mental health issues being faced by members of the family, and the impact Defendant's sentence will have on her and potentially on her grandchildren. Nevertheless, the Court did not accede to Defendant's request for a prison term of one year and one day. On January 4, 2008, Kennedy was sentenced to a term of imprisonment of eighteen months. At sentencing, Kennedy's bond was continued to enable her to surrender voluntarily to the designated federal correctional institution to serve her sentence. On January 16, 2008, Kennedy filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. Subsequently, at Kennedy's request, the date on which she must report to prison was postponed until March 7, 2008.

Kennedy requests that the Court continue her bond until her appeal is resolved. The relevant statutory authority is 18 U.S.C. § 3143(b) (emphasis added):

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer **shall** order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an

appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact *likely* to result in--

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Thus, the Court must find that Kennedy does not present a danger to the community, that the motion is not made for the purpose of delay, that she has raised a "substantial question," and that one of the four outcomes set forth in subsection (b)(2)((B) is "likely" to result. *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985).[1]  Otherwise, the Court "shall" order that Kennedy be detained.

The statutory presumption is that bail pending appeal is not appropriate.  As the Court of Appeals explained:

Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its

---

[1]The term "likely" does not require this Court to determine the probability of reversal.  *Id.*

3

very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

*Id.* at 22.

To qualify as a "substantial question," the issue must be "either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 24. In *United States v. Smith*, 793 F.2d 85 (3d Cir.1986), the Court of Appeals for the Third Circuit clarified this definition and explained that the issue must be significant, even if there is no direct precedent. The *Smith* Court discussed two interpretations of the meaning of "substantial question" and adopted the Ninth Circuit's definition that a substantial question is one that can be characterized as "fairly debatable" as opposed to the more limited test used in the Eleventh Circuit, which concluded that a substantial question is a " 'close' question or one that very well could be decided the other way." In applying this standard, the *Smith* Court held that conviction by an eleven-member jury did not present a "substantial question" even though there was no controlling precedent and reversed the district court's order releasing the defendant on bail pending appeal.

Applying the test to the circumstances of this case, the Court will assume, arguendo, that Kennedy does not present a danger to the community, that the questions about the number and vulnerability of the victims were substantial, and that the motion is not brought for the purposes of delay.[2] Nevertheless, the Court cannot find that the appeal is likely to result in any of the four circumstances described in § 3143(b)(2)(B). There cannot be a reversal or a new trial because

---

[2]The Court notes that Kennedy has requested numerous postponements during the course of these proceedings, but the government has not challenged this prong of the test.

4

Kennedy pled guilty and the issues raised on appeal relate only to sentencing. Kennedy cannot avoid a term of imprisonment – indeed, Defendant proposed a term of one year and one day. Thus, the only avenue for relief is that Kennedy's new sentence, if her appeal is successful, will be "less than the total of the time already served plus the expected duration of the appeal process." The Court is reluctant to predict when Kennedy's appeal will be resolved and has not uncovered any methodology for conducting that inquiry during its research.[3] Kennedy's appeal was filed in January 2008, she has not served any time yet, and her term of imprisonment will not commence until March 7, 2008. At a minimum, Kennedy has not carried her burden to demonstrate that the appeal will not be resolved by March 2009.

In accordance with the foregoing, the MOTION TO REMAIN ON BOND PENDING APPEAL (Document No. 54) filed by Defendant Dianne L. Kennedy is **DENIED**. Ms. Kennedy shall report to the Bureau of Prisons at Alderson, West Virginia, on March 7, 2008, as scheduled.

So **ORDERED** this 27th day of February, 2008.


BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge


cc:    James Garrett, AUSA
       W. Penn Hackney

---

[3]In the *Report on the Impact of the* <u>*Booker*</u> *Case on the Workload of the Federal Judiciary* at 4 (June 2006), <http://www.uscourts.gov/library/BookerReport.pdf>, the Administrative Office reported that the median time for the courts of appeals to dispose of appeals from the district courts increased from 10.4 months as of March 2004 to 12.2 months for the year ending March 2006.